## NEW YORK SUPERIOR COURT

### DAVID JACKSON agt. JAMES LYNCH, Sheriff, &c.

A *sheriff* on succeeding in his defense to an action, is entitled to *double disbursements*, as well as double costs.

*Special Term, February, 1866.*

IN this case, the clerk in adjusting costs of defendant, gave him double costs, but declined to double the defendant's disbursements.

The only question on this appeal is, is the defendant entitled to double disbursements?

IRA D. WARREN, *for plaintiff.*

I. The Code draws a clear distinction between *costs* and *disbursements.* Section 305 provides that " costs shall be allowed of course to the defendant," &c. Section 307 pro-

vides, " when allowed, *costs* shall be as follows," giving the amounts and items allowed as costs. Section 311 provides, " that the clerk shall insert in the judgment the sum of allowances for *costs*, the necessary disbursements," &c. The disbursements shall be stated in detail, and verified by affidavit. Therefore, we say, costs and disbursements are entirely distinct.

The Code does not take away the right of the sheriff to double *costs*, but we claim it does take away his right to double *disbursements*, if he ever had any such right before.

The Code regulates the *amount* of the sheriff's *costs*, but leaves that amount to be doubled when they are fixed.

II. Unless there is some statute clearly authorizing it, the sheriff should not be allowed double disbursements.

There is no reason why the sheriff should collect fifteen dollars for every ten dollars he pays out ; nor why, when he pays the clerk one dollar for entering a judgment, he should collect of the other party one· dollar and fifty cents for the same thing.

It is offering the sheriff a large premium to make large disbursements.

III. The adjusting of the costs should be sustained.

A. J. VANDERPOEL, *for defendant.*

MONELL, J. The item of ten dollars term fee for December term, was properly allowed. The fee is given for each term not exceeding five, at which the cause is necessarily on the calendar and is not tried, or *is postponed by order of the court.* Any postponement of a trial can only be by the order.of the court, either upon its own motion, or on motion of one party, or by the consent of both. On the consent of the parties in writing, or in open court, an *order* must be made postponing the trial. This is usually done informally. Nevertheless it is sufficiently clear, and by order of the court. To avoid the costs against the party ultimately losing, a provision to that effect should be inserted in the order for postponement. If it is not, the term fee will be properly taxable.

I find two cases in this court, decided at special term, where double disbursements have been allowed to a sheriff succeeding on the trial, and although the question of the right to double costs was not directly passed upon, yet the question was involved in each of these cases, and I am inclined to follow them in this case, without committing myself herein to any opinion, should the question ever come before me at the general term.

There must be a re-taxation, with instructions to the clerk to allow double disbursements.